IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARVEL JONES, | ) | 8:13CV67 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NEBRASKA DEPARTMENT OF | ) | |
| CORRECTIONAL SERVICES | ) | |
| OFFICIALS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on March 1, 2013. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 8.) The court now conducts an initial review of the Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

**I. SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint in this matter on March 1, 2013, against the Nebraska Department of Correctional Services ("NDCS") and 13 individual NDCS employees ("Individual Defendants"). (Filing No. 1 at CM/ECF pp. 1-4.) Plaintiff sues the Individual Defendants in both their official and individual capacities. (*Id*.) Plaintiff is currently confined in the Tecumseh State Correctional Institution in Tecumseh, Nebraska. (*Id*.)

Condensed, summarized, and liberally construed, Plaintiff alleges that Defendants have repeatedly opened and read his legal mail, outside of his presence and without his permission.[1] (*Id*. at CM/ECF pp. 4-9.) Plaintiff alleges Defendants' actions have violated his constitutional rights and denied him meaningful access to the courts. (*Id*.) Plaintiff seeks $525,000.00 in monetary damages against each Defendant. (*Id*. at CM/ECF p. 9.)

---

[1] Plaintiff alleges Defendants read and opened his legal mail on January 3, 2011; October 4, 2011; October 14, 2011; October 21, 2011; November 9, 2011; December 20, 2011; January 4, 2012; and January 30, 2012. (Filing No. 1 at CM/ECF pp. 4-9.)

## II.     APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III.    DISCUSSION OF CLAIMS

> A.     *Plaintiff's Monetary Damages Claims Against NDCS and the Individual Defendants in Their Official Capacities*

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the

Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.,* Dover Elevator Co., 64 F.3d at 444; Nevels v. Hanlon, 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity.

Here, Plaintiff sues the NDCS and several individual state employees in both their individual and official capacities. (Filing No. 1 at CM/ECF pp. 1-4.) As set forth above, the Eleventh Amendment bars claims for damages by private parties against a state instrumentality and employees of a state sued in their official capacities. Consequently, Plaintiff's monetary damages claims against NDCS and the Individual Defendants in their official capacities are barred by the Eleventh Amendment.

    B.    *Legal Mail*

Although Plaintiff's monetary damages claims against the Individual Defendants in their official capacities are barred, the Eleventh Amendment does not bar Plaintiff's claims against the Individual Defendants in their individual capacities. Liberally construed, Plaintiff alleges the Individual Defendants violated his First and Sixth Amendment rights. (*Id.* at CM/ECF pp. 4-9.)

While prisoners retain their First Amendment rights to send and receive mail, "prison officials have a duty to maintain security within the prison, and this may include reading inmates' incoming and outgoing mail, with the exception of legal mail." *Thongvanh v. Thalacker*, 17 F.3d 256, 258-59 (8th Cir. 1994). Indeed, "[p]rivileged prisoner mail, that is mail to or from an inmate's attorney and identified as such, may not be opened for inspections for contraband except in the presence of the prisoner." *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (quotation and citation omitted); *see also Sallier v. Brooks*, 343 F.3d 868, 877 (6th Cir. 2003) (holding that mail from a court constitutes "legal mail" and cannot be opened outside the presence of a prisoner who has specifically requested otherwise); *Kamau v. Buss*, No. 3:07-CV-372, 2007 WL 2363874, at *2 (N.D. Ind. Aug. 15,

2007) ("The purpose of preventing prisons from opening legal mail outside of the presence of an inmate is to protect the Sixth Amendment right to counsel and the attorney-client privilege by ensuring that prison officials merely inspect for contraband and do not read confidential communications between an inmate and his counsel.").

Here, Plaintiff alleges Defendants have repeatedly opened and read his legal mail, outside of his presence, and without his permission. (Filing No. 1 at CM/ECF pp. 4-9.) Liberally construed, Plaintiff has alleged sufficient facts to nudge his constitutional claims relating to his legal mail across the line from conceivable to plausible. However, the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the Complaint and is not a determination of the merits of claims or potential defenses thereto.

    C.    *Access to Courts*

In addition to the claims above, Plaintiff alleges that the Individual Defendants denied him meaningful access to the courts because they opened and read his legal mail. (Filing No. 1 at CM/ECF pp. 4-9.) To prove a violation of the right of meaningful access to the courts, Plaintiff must establish that Defendants did not provide him with an opportunity to litigate his claim in "a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) (citation omitted). "To prove actual injury, [Plaintiff] must 'demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded.'" *Id.* (quoting *Lewis v. Casey*, 518 U.S. 343, 353 (1996)).

Here, Plaintiff has not alleged sufficient facts to demonstrate that Defendants frustrated or impeded his ability to bring a nonfrivolous legal claim. Although Plaintiff alleges Defendants opened and read his legal mail, he does not allege that he was prejudiced or prevented from litigating any of his claims in a court of law. *See, e.g., Beaulieu v. Ludeman*, 690 F.3d 1017, 1037 (8th Cir. 2012) (stating to assert a successful claim for denial of meaningful access to the courts, an inmate must demonstrate that he suffered prejudice from the opening of legal mail); *Gardner*, 109 F.3d at 431 ("The act of opening incoming mail does not injure an inmate's right to access the courts. The policy that incoming

confidential legal mail should be opened in inmates' presence instead serves the prophylactic purpose of assuring them that confidential attorney-client mail has not been improperly read in the guise of searching for contraband.") Accordingly, Plaintiff's access to courts claims will be dismissed.

    D.    *State Law Claims*

Liberally construed, Plaintiff may also have claims for violations of state law, such as negligence. Because the court is permitting Plaintiff's constitutional claims relating to his legal mail to proceed against the Individual Defendants in their individual capacities, it will also permit Plaintiff's state law claims to proceed.

## IV.    MOTION FOR APPOINTMENT OF COUNSEL

Also pending is Plaintiff's Motion for Appointment of Counsel. (Filing No. 5.) In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). No such benefit is apparent here. The request for the appointment of counsel is therefore denied without prejudice.

IT IS THEREFORE ORDERED that:

1.    Plaintiff's claims against NDCS and the Individual Defendants in their official capacities, and Plaintiff's access to courts claims, are dismissed without prejudice.

2.    Plaintiff's constitutional claims relating to his legal mail, alleged against the Individual Defendants in their individual capacities, and Plaintiff's state law claims, may proceed.

3.    Plaintiff's Motion for Appointment of Counsel (filing no. 5) is denied.

-5-

4. To obtain service of process on Defendants in their individual capacities, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send THIRTEEN summons forms and THIRTEEN USM-285 forms to Plaintiff, together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

5. Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Complaint and Complaint without payment of costs or fees. Service may be by certified mail pursuant to Federal Rule of Civil Procedure 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Complaint, and Plaintiff does not need to do so.

6. [Federal Rule of Civil Procedure 4](#) requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

7. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

8. The Clerk of Court is directed to set a pro se case management deadline in this case with the following text: "**September 11, 2013**: Check for completion of service of summons."

9.  The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

DATED this 15th day of May, 2013.

                    BY THE COURT:

                    s/ Joseph F. Bataillon
                    United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.