IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARVEL JONES, | ) | 8:13CV67 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NEBRASKA DEPARTMENT OF | ) | |
| CORRECTIONAL SERVICES | ) | |
| OFFICIALS, et al., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff's Objection to the court's May 15, 2013, Memorandum and Order, which the court liberally construes as a Motion for Reconsideration. (Filing No. 10.) In his Motion, Plaintiff asks the court to reconsider its ruling on Plaintiff's Motion for Appointment of Counsel and the dismissal of his official capacity claims against Defendants for monetary damages. (*Id*.) The court has carefully reviewed Plaintiff's Motion and finds no good cause to reconsider any portion of its May 15, 2013, Memorandum and Order.

Also pending is Plaintiff's Motion to Disclose Defendants' Addresses. (Filing No. 11.) Plaintiff asks the court to compel Defendants to provide him with the addresses of several individual Defendants in this matter. (*Id*.) However, Plaintiff has not shown that he complied with NECivR 7.1(i), which provides that "this court only considers a discovery motion in which the moving party, in the written motion, shows that after personal consultation with opposing parties and sincere attempts to resolve differences, the parties cannot reach an accord." Accordingly,

IT IS THEREFORE ORDERED that Plaintiff's Objection to the court's May 15, 2013, Memorandum and Order, which the court liberally construes as a Motion for Reconsideration (filing no. 10) and Plaintiff's Motion to Disclose Defendant's

Addresses (filing no. 11) are denied.

DATED this 9th day of September, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.