IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MARVEL JONES,　　　　　　　　　　　　　　　　　　8:13CV67

　　　　　　Plaintiff,

　　　　　　v.　　　　　　　　　　　　　　　　　　**MEMORANDUM
　　　　　　　　　　　　　　　　　　　　　　　　　AND ORDER**

NEBRASKA DEPARTMENT OF
CORRECTIONAL SERVICES
OFFICIALS, et al.,

　　　　　　Defendants.

　　　　This matter is before the court on Defendants' Motion to Dismiss. (Filing No. 33.) As set forth below, the Motion is denied.

　　　　On May 15, 2013, the court conducted a detailed initial review of Plaintiff's claims. (Filing No. 9.) In that Memorandum and Order, the court liberally construed and analyzed Plaintiff's claims. In doing so, the court determined that Plaintiff had set forth enough allegations to "nudge" his claims "across the line from conceivable to plausible," the same standard used to resolve a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6). *See* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); *see also* Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); Burke v. North Dakota Dep't of Corr. and Rehab., 294 F.3d 1043, 1043-44 (8th Cir. 2002) (holding that a pro se complaint must be construed liberally).

　　　　Rather than file an answer, Defendants filed their Motion to Dismiss, arguing that Plaintiff's Complaint fails to state a claim upon which relief may be granted. (Filing No. 33.) However, the court already resolved that question and declines to revisit it now with one exception. Defendants argue that Plaintiff's Complaint fails to allege any

specific acts or conduct on the parts of Defendants Michelle Capps,[1] Robin Spindler,[2] Larry Wayne, Brian Gage, Shawn Sherman, and Scott Busboom. (Filing No. 34 at CM/ECF p. 9.) Defendants are correct. When a plaintiff fails to allege specific acts or conduct on the part of a defendant, and the complaint is silent as to the defendant except for his name appearing as a defendant, the complaint is properly dismissed. A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). *See Krych v. Hvass*, 83 Fed.Appx. 854, 855 (8th Cir. 2003) (holding court properly dismissed claims against defendants where pro se complaint was silent as to the defendants except for their names appearing in the caption). Accordingly, the court will dismiss Plaintiff's claims against Defendants Michelle Capps, Robin Spindler, Larry Wayne, Brian Gage, Shawn Sherman, and Scott Busboom.

However, for the reasons set forth in its May 15, 2013, Memorandum and Order, Plaintiff has set forth sufficient facts to nudge his remaining claims across the line from conceivable to plausible. While Plaintiff's remaining claims may ultimately not withstand a motion for summary judgment, they are enough to withstand the pending Motion to Dismiss.

IT IS THEREFORE ORDERED that:

1. Defendants' Motion to Dismiss (Filing No. 33) is granted in part. Plaintiff's claims against Defendants Michelle Capps, Robin Spindler, Larry Wayne, Brian Gage, Shawn Sherman, and Scott Busboom are dismissed without prejudice. The remainder of Defendants' Motion to Dismiss is denied without prejudice to reassertion in a motion for summary judgment.

---

[1] Spelled Michelle Hillman in Plaintiff's Complaint.

[2] Spelled Robin Spinolea in Plaintiff's Complaint.

2. Plaintiff's Objection (Filing No. 36) to Defendants' Motion to Dismiss is sustained to the extent it is consistent with this Memorandum and Order.

3. In accordance with Federal Rule of Civil Procedure 12(a)(4)(A), Defendants shall file their answer no later than 14 days from the date of this Memorandum and Order.

4. Following the filing of Defendants' answer, a separate progression order will be entered progressing this matter to final disposition.

5. Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Filing No. 2) and Motion for Extension of Time to Pay Filing Fee (Filing No. 44) are denied as moot, as Plaintiff has now paid the full amount of the court's filing fee.

6. Plaintiff's Motion to Compel Discovery (Filing No. 41) is denied without prejudice to reassertion until after the court enters a progression order in this matter.

DATED this 12th day of June, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.